PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CRESCENCIO MERCADO, alias PÓLVORA, Defendant and Appellant.

No. 5147. Argued January 9, 1934.—Decided May 31, 1934.

*Buenaventura Esteves* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Crescencio Mercado, alias Pólvora, on the 19th of March 1932, was charged before the Municipal Court of San Sebastián of having committed a larceny in having appropriated a knife, and he was accused also of a subsequent offense (*reincidencia*), inasmuch as he had been convicted of another misdemeanor for larceny on the 7th of December 1929. From the judgment of the Municipal Court of San Sebastián, Crescencio Mercado appealed to the District Court of Aguadilla. There he alleged that the crime of which he was accused was not a misdemeanor but a felony. He asked that the complaint be dismissed and filed. The District Attorney of Aguadilla agreed to this motion with the reserve that he might present an information for felony.

On the 1st of October 1932, the defendant was charged with a subsequent offense of larceny. The defendant admitted the facts of the information, but as to the prosecution he asked for its dismissal on two grounds.

The first of these grounds has a double aspect. Under one, the court below was referred to sections 148 and 149 of the Code of Criminal Procedure, which are as follows:

"Sec. 148. If the court directs an information to be filed, the defendant, if already in custody, must so remain, unless he is admitted to bail, or, if already admitted to bail or money is answerable for the appearance of the defendant to answer a new information and unless a new information is filed within fifteen days, the court must order the defendant discharged unless by special reason the court extends the time of filing the information.

"Sec. 149. An order to set aside an information, as provided in this chapter, is no bar to a future prosecution for the same offense."

The court below wrote an opinion in which it held that in the present case the district attorney was not ordered to file an information and, therefore, the cited sections had no application, and we agree.

What the appellant now principally alleges is. that there has been a violation of section 448 of the Code of Criminal Procedure. One of the points made by him is that, as the district attorney did not order the arrest of the defendant under bond inasmuch as he was imprisoned by virtue of the sentence of 45 days rendered by the Municipal Court of San Sebastián, nevertheless, he was arrested on the same day that the complaint against him was dismissed and filed, namely on the 16th of June 1932.

The defendant and appellant maintained in this court that when his last motion for dismissal was filed in the District Court of Aguadilla, the district attorney did not make any showing of how the defendant came to be arrested; that it was the duty of the Government to show how and why the defendant was under arrest. The Government, on the other hand, maintains that when a motion to dismiss is made, as here, under section 448 of the Code of Criminal Procedure, it is the duty of the proponent of the motion to show that he had been under arrest for 60 days without an information being duly filed against him.

Section 448 provides:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter."

We think the district attorney was under no duty to show the date of the arrest, and that the time for beginning to count the sixty days clearly did not run from the date at which the defendant was released from the complaint on appeal from the Municipal Court of San Sebastián. The record

tends to show, however, that sixty days did not elapse from the time of the new arrest in September on the presentation of the information.

The second point that the appellant makes is that the Municipal Court of San Sebastián did have jurisdiction over him and that the prosecution in the District Court of Aguadilla constituted second jeopardy. We are quite satisfied that the charge originally made in the Municipal Court of San Sebastián was, in point of fact, a charge of a felony. Therefore, when the defendant appealed from this judgment and the case was dismissed, no valid judgment existed against him. It is settled jurisprudence that when an offense is tolled by the action of a defendant there is no conviction existing against him, and hence the information presented in the District Court of Aguadilla did not subject him to a second prosecution. *People* v. *Marrero,* 18 P.R.R. 888.

Moreover, if the complaint presented in the municipal court could be considered as a mere misdemeanor and the reference to a preceding offense be regarded as superfluous, nevertheless the same reasoning would apply.

We have some idea also, without pausing to examine the jurisprudence, that when the defendant obtained his discharge in the District Court of Aguadilla on appeal on the ground that the crime was a felony and the municipal court was without jurisdiction, he was estopped from raising the question of second jeopardy.

The judgment appealed from should be affirmed.